UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X   Case No.: 25-cv-346

ALLSTATE INDEMNITY COMPANY,

                                    **COMPLAINT**

                    Plaintiff,

   -against-

SECURITY MUTUAL INSURANCE COMPANY,

                  Defendant.

-------------------------------------------------------------------X

Plaintiff, Allstate Indemnity Company ("Allstate"), by and through its attorneys, Lewis Johs Avallone Aviles, LLP, alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is a declaratory judgment action. Allstate seeks a declaration that the coverage afforded under a primary homeowners' policy issued by Security Mutual Insurance Company ("SMIC") to Kevin Kapalczynski and Paul Gorny is primary to the coverage afforded under an excess coverage Personal Umbrella Policy issued by Allstate to Kevin Kapalczynski in an underlying lawsuit brought by Shere Smith.

## THE PARTIES

2. At all times hereinafter mentioned, Plaintiff, Allstate, was and is an insurance company duly organized and existing under and by virtue of the laws of the State of Illinois, and duly authorized to issue policies of insurance within the State of New York, including the policy at issue herein.

3. At all times hereinafter mentioned, Defendant, SMIC was and is an insurance company duly organized and existing under and by virtue of the laws of the State of New York,

and duly authorized to issue policies of insurance within the State of New York, including the policy at issue herein.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 as Plaintiff is a citizen of Illinois and Defendant is a citizen of New York and the amount in controversy is in excess of $75,000.00 exclusive of interests and costs.

5. Venue in this action in this Court is proper pursuant to 28 U.S.C. §1391(1) as one of the Defendants resides in this judicial district.

## THE UNDERLYING ACTION

6. Shere Smith commenced the underlying action on behalf of herself and her son, Michael Newson in the Supreme Court of Erie County under index number 806973/2022 against Kevin Kapalczynski, Jennifer Kapalczynski, Stephen Kapalczynski and Paul Gorny seeking to recover damages for personal injuries sustained in an incident involving a utility task vehicle ("UTV") (hereinafter "Underlying Action").  A true and accurate copy of the Complaint in the Underlying Action is annexed hereto as **Exhibit "A."**

7. The Complaint alleges that on September 4, 2021, Michael Newson sustained injuries while he was a passenger on a UTV operated by Stephen Kapalczynski when it was involved in a collision.  *See* Ex. A.

8. The Complaint further alleges that the UTV was owned by Kevin and Jennifer Kapalczynski.  *See* Ex. A.

9. The Complaint further alleges that the accident occurred on a property owned by Kevin and Jennifer Kapalczynski and Paul Gorny located at 3171 Kapprell Road, Mount Morris, New York (the "subject premises").  *See* Ex. A.

10. The Complaint further alleges that the defendants were negligent in their ownership, operation and maintenance of the UTV and their ownership, operation, management and maintenance of the premises. *See* Ex. A.

11. Allstate issued an Off-Road Policy to Kevin Kapalczynski and has been providing a defense to Kevin Kapalczynski, Jennifer Kapalczynski and Stephen Kapalczynski in the underlying action.

12. Allstate has tendered the policy limits of the Off-Road Policy in the Underlying Action.

13. The policy that is next in line is the primary policy for the subject premises where the accident occurred, the homeowners' policy issued by SMIC.

## THE PRIMARY SMIC POLICY

14. SMIC issued a primary Homeowners Policy with policy number ending in 995 to Kevin Kapalczynski and Paul Gorny covering the subject premises.

15. The SMIC policy was in effect at all times relevant to this matter and provides coverage for the injuries sustained by the plaintiffs in the Underlying Action.

16. The SMIC Policy contains the following relevant language:

**HOW MUCH *WE* PAY FOR LOSS OR CLAIM**

\*     \*     \*

> 4. **Insurance Under More Than One Policy** – If there is other valid and collectible insurance which applies to a loss or claim, or would have applied in the absence of this policy, the insurance under this policy shall be considered excess insurance and shall not apply to or contribute to the payment of any loss or claim until the amount of such other insurance is exhausted.

\*     \*     \*

## **THE EXCESS ALLSTATE PERSONAL UMBRELLA POLICY**

17. Allstate issued a New York Personal Umbrella Policy with policy number ending in 2000 to Kevin and Jennifer Kapalczynski (the "PUP"). A copy of the PUP is annexed hereto as **Exhibit "B."**

18. The PUP was in effect at all times relevant to the instant matter.

19. The PUP contains the following relevant language:

**Section 1**

Under Section 1 of this policy, **we** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising out of an **occurrence** that is both a loss **we** cover under **Excess Liability Insurance – Bodily Injury And Property Damage – Section 1** of this policy and a covered loss under **your** Required Underlying Insurance policy.

**We** will not pay any punitive or exemplary damages, fines and penalties.

This section does not apply to any **occurrence** that is covered under **Excess Liability Insurance – Personal Injury**.

\*    \*    \*

**Amounts We Pay – Section 1**
**We** will pay only that amount of damages which exceeds the sum of:
1. the limits specified in this policy for the Required Underlying Insurance under which the **occurrence** is a covered loss; plus

2. the limits of any and all other liability insurance available to an **insured person** which apply to this **occurrence**.

However, in no event shall **we** pay any amount above **our** limit of liability. **We** will not pay the difference between the limits specified in this policy as Required Underlying Insurance and any lower limits actually in effect.

\*    \*    \*

*See* Ex. B.

## AS AND FOR A FIRST CAUSE OF ACTION

20. Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

21. The primary SMIC Policy provides coverage for the loss giving rise to the underlying action.

22. The SMIC Policy is a primary policy and was purchased with the intent that it would provide primary coverage for losses occurring on the premises for which it was purchased.

23. The PUP is an umbrella policy and was purchased with the intent that it would provide excess coverage over policies that afford primary coverage.

24. Both the SMIC Policy and the PUP purport to provide excess coverage over other available policies.

25. The premiums for the SMIC Policy and PUP are nearly identical, although the policy limits for the PUP are three times that of the SMIC Policy.

26. Because of the intention of the parties to the insurance contracts and the premiums paid for the policies, SMIC's coverage is primary to the coverage afforded under the PUP.

27. SMIC's policy is next in line after the exhaustion of the limits of the Allstate Off-Road Policy.

28. The PUP's limits are only triggered after the exhaustion of the limits of the Allstate Off-Road Policy and the SMIC Policy.

29. Allstate requests an Order from this Court declaring and adjudging that SMIC is obligated to provide the next level of coverage after the Allstate Off-Road Policy.

30. Allstate further requests an Order from this Court declaring and adjudging that coverage under the PUP is excess over the coverage under the Allstate Off-Road Policy and the SMIC Policy.

31. The Plaintiff has no adequate remedy at law.

32. There is an actual dispute between the parties with regard to the rights and obligations of the parties under the policies of insurance heretofore mentioned.

WHEREFORE, Allstate demands judgment declaring:

a. that the coverage under the SMIC Homeowners Policy directly follows the coverage afforded under the Allstate Off-Road Policy;

b. that coverage under the PUP directly follows the coverage afforded under the SMIC Homeowners Policy; and

c. for such other and further relief as this Court deems just and proper.

Dated: Islandia, New York
April 18, 2025

LEWIS JOHS AVALLONE AVILES, LLP
1377 Motor Parkway, Suite 400
Islandia, New York 11749
T: (631) 755-0101
F: (631) 755-0117

By: _____
Karen M. Berberich
*Attorneys for Plaintiff*
*ALLSTATE INDEMNITY COMPANY*