UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY,<br><br>                              Plaintiffs,<br><br>     vs.<br><br>SECURITY MUTUAL INSURANCE COMPANY,<br><br>                              Defendant. | **ANSWER**<br><br>Case No.: 1:25-cv-00346-LJV |

Defendant, SECURITY MUTUAL INSURANCE COMPANY ("SMIC"), by and through its attorneys, Mura Law Group, PLLC, as and for its answer to the complaint of ALLSTATE INDEMNITY COMPANY ("ALLSTATE" or "Plaintiff"), dated April 18, 2025, states as follows, upon information and belief:

1. Admits the allegations contained in paragraph "3" of the Complaint.

2. Denies having knowledge or information sufficient to form a belief regarding the allegations contained in paragraphs "2", "4", "5", "6", "11", "12", "17", "18", "19", "23", "24", "25", and "31" of the Complaint.

3. Denies the allegations contained in paragraphs "13", "26", "27", "28" and "32" of the complaint.

4. With respect to the allegations contained in paragraphs "14", "15", "16", "21" and "22" of the Complaint, admits that SMIC issued a seasonal policy of insurance under policy number ending 0995 ("the SMIC Policy") to Kevin Kapalczynski and Paul Gorny for the policy period April 1, 2021 to April 1, 2022, the terms, provisions and limitations of which policy speak for themselves, are incorporated herein by reference, and are for this Court's legal

interpretation and application as may be relevant and necessary to the determination of this action, and otherwise denies the remaining allegations of those paragraphs.

5. With respect to the allegations contained in paragraph "20" of the Complaint, repeats and realleges its answers herein to the paragraphs repeated and realleged by that paragraph.

6. Declines to answer paragraphs "1", "7", "8", "9", "10", "29" and "30" of the Complaint on the ground that those paragraphs do not contain traversable allegations

7. Denies each and every allegation of the complaint not heretofore specifically admitted or denied.

### FIRST AFFIRMATIVE DEFENSE

8. In pertinent part, Form FL-OLT (01/92) of the SMIC Policy provides:

> **3. Insurance Under More Than One Policy-** If there is other valid and collectible insurance which applies to a loss or claim, or would have applied in the absence of this policy, the insurance under this policy *shall be considered excess insurance and shall not apply or contribute to the payment of any loss or claim until the amount of such other insurance is exhausted.* (Italics added.)

9. The italicized language of the SMIC Policy is referred to as an "excess and noncontributory" clause or provision.

10. Upon information and belief, the Allstate PUP contains no excess and non-contributory clause or provision.

11. For this reason, any coverage afforded by the SMIC policy with respect to the underlying personal injury action is excess to the Allstate PUP's coverage and does not contribute to the payment of any otherwise covered loss or claim until the limit of the Allstate PUP is exhausted.

MURA LAW GROUP, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

## SECOND AFFIRMATIVE DEFENSE

12. Upon information and belief, sometime before September 4, 2021, Allstate issued an Allstate Deluxe Plus Homeowners Policy, policy number 933 052 531, to Kevin M. Kapalczynski for a period of one year ("the Allstate HO Policy").

13. The liability coverage limit of the Allstate HO Policy was $300,000.

14. Allstate became aware of the accident and injuries that form the basis of the underlying personal injury action occurrence by no later than April 2022.

15. In spite of that knowledge, Allstate did not disclaim liability and deny coverage under the Allstate HO Policy until April 17, 2024, when it purportedly sent a letter to Kevin M. Kapalczynski denying liability and medical payments coverages for the "Newsome v. Kapalczynski, et al." "Underlying lawsuit" based on the policy's "motor vehicle exclusion":

> It is Allstate's position that the above-referenced motor vehicle exclusion applies to bar coverage for this matter under Coverage X and Coverage Y. The above-referenced motor vehicle exclusion bars coverage for **bodily injury** arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle or trailer. Under 5(b) of both Coverage X and Y, the exclusion doesn't apply to an Off-Road vehicle unless the vehicle is Owned by you ***AND*** is being used away from an "Insured Premises". Since you own the Off-Road vehicle and it was being used away from an "Insured Premises", the motor vehicle exclusion applies and there is no liability coverage for this loss under your Allstate Homeowners policy. (Original emphasis.)

16. In violation of New York Insurance Law § 3420(d)(2), Allstate's declination of liability coverage under the Allstate HO Policy was not issued as soon as was reasonably possible.

17. As such, Allstate is precluded from denying liability coverage to Kevin, Jennifer and Stephen Kapalczynski under the Allstate HO Policy with respect to the underlying personal injury action.

MURA LAW GROUP, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

18. Additionally, any liability coverage provided by SMIC Policy is excess and noncontributory to the liability coverage owed by Allstate under the Allstate Off-Road Policy, the Allstate HO Policy, and the Allstate PUP vis-à-vis the underlying personal injury action.

## THIRD AFFIRMATIVE DEFENSE

19. Allstate's claims in this action against SMIC are barred, in whole or in part, by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

20. On May 2, 2023, Allstate, through retained counsel for the Kapalczynskis and its employee, misrepresented to the parties and Court in the underlying personal injury action "that the only [Allstate] policy of insurance in effect at the time of the alleged loss were [*sic*] with Allstate Property & Casualty Insurance Company with liability limits of $250000/500000. In addition, there is a personal umbrella policy under 943492000 in the amount of 1,000,000." [NYSCEF Doc. No. 17](#) at ¶ 3.

21. In bad faith, Allstate, through retained counsel for the Kapalczynskis and its employee, concealed and did not disclose the existence of the Allstate HO Policy—a policy under which Allstate did not deny coverage until April 2024.

**WHEREFORE**, defendant, SECURITY MUTUAL INSURANCE COMPANY, demands judgment as follows:

A. dismissing the complaint herein;

B. declaring that any liability coverage owed by SMIC under the SMIC policy with respect to the underlying personal injury action is excess and noncontributory to the liability coverage owed by Allstate under the Allstate Off-Road Policy ($250,000 limit), the Allstate HO Policy ($300,000 limit), and the Allstate PUP ($1,000,000 limit);

Mura Law Group, PLLC • 930 Rand Building • 14 Lafayette Square • Buffalo, New York 14203
(716) 855-2800 • fax (716) 855-2816

        C.    awarding SMIC attorneys' fees, costs and disbursements associated with its defense of this action; and

        D.    awarding such other and further relief in favor of SMIC as to this Court may seem just, proper and equitable.

DATED:    Buffalo, New York
               June 23, 2025

                                          Roy A. Mura, Esq.

                                          MURA LAW GROUP, PLLC
                                          *Attorneys for Defendant*
                                          930 Rand Building
                                          14 Lafayette Square
                                          Buffalo, New York 14203
                                          (716) 855-2800

TO:    Karen M. Berberich, Esq.
        *Attorneys for Plaintiff*
        LEWIS JOHS AVALLONE AVILES, LLP
        1377 Motor Parkway, Suite 400
        Islandia, New York 11749
        (631) 755-0101